328 So.2d 653

**Allen TURNER**

v.

**STATE.**

**4 Div. 400.**

Court of Criminal Appeals of Alabama.

March 9, 1976.

J. R. Herring, Dothan, for appellant.

William J. Baxley, Atty. Gen., and Milton C. Davis, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent on this appeal with appointed counsel, was indicted for grand larceny and convicted therefor. The trial court sentenced him to six years imprisonment in the penitentiary.

The appeal here involved was originally dismissed because the record failed to show that it was filed here within the time mandated under the law.

It now appears on rehearing that the transcript omitted an order of the trial court declaring appellant to be an indigent, and also it failed to contain a series of *nisi prius* orders giving the court reporter more time to file a transcript of the testimony. These orders are now before the Court.

It now appears on this rehearing, from the omissions, that the record was filed in this Court within the time provided by law and that the dismissal of this appeal should be and is vacated, and the appellant is entitled to have his appeal restored to the proper docket, and the cause decided on its merits. The original opinion is withdrawn and this opinion is substituted therefor.

## ON THE MERITS

The evidence is undisputed and conclusive that J. W. Craddock owned and oper-

ated a small neighborhood grocery store in Abbeville, Alabama, where he also sold gasoline from pumps located in front of his grocery store; that he was servicing a station wagon when another automobile, a Pontiac, drove up behind the station wagon for gasoline servicing.

While waiting to be serviced, it appears that defendant got out of the right front seat of the Pontiac and went in the direction of the store. The defendant left another occupant on the rear seat and one under the driver's steering wheel. Defendant returned and reoccupied his seat. After the car was serviced, all three left in the automobile and were later overtaken and detained by the Sheriff and some police officers. All three, along with their automobile, were taken back to the police station.

Mr. Craddock, a witness for the State testified that when he left the inside of the store to service the station wagon, he had between $150.00 and $250.00, in ten and twenty dollar bills, in the cash register, and on reentering the store after servicing the Pontiac in which the defendant was riding, he found all the bills had been removed without his consent or knowledge.

He testified that he saw defendant coming out of the store front door, which made some noise as it closed. The witness further testified that he asked defendant what he wanted, and he replied that he wanted a pack of cigarettes. When Craddock told him that he would get them for him, defendant then replied, " 'I don't want them now.' " Defendant then went and got in the car. The two occupants paid him for the gasoline, and all three left in the car. Craddock further testified that no one was inside the store at the time that defendant came out the front door. He also testified that all the windows were barred and there was only one door, the front door, to the store building.

The victim, Mr. Craddock, upon missing the money, called the Sheriff's Office and told the answering service about the theft and gave a description of the Pontiac. The Sheriff soon spotted the Pontiac and pulled it over. The driver got out and exhibited his driver's license, so the Sheriff testified. Then some police officers drove up. It appears from the evidence that the occupant of the back seat got out, then later the defendant got out on his side. All three were taken to police headquarters where all three were searched, but nothing incriminating was found. Mr. Craddock identified defendant as the one who came out the front door of the store and returned to the Pontiac.

The Sheriff and his Deputy went back to the scene where they had stopped the Pontiac. On the street curbing where the Pontiac was stopped and next to the passenger side where defendant was sitting, they found seventeen ten dollar bills and four twenty dollar bills, "that had been crumpled up and left laying there with some [mowed] grass over them to partially conceal them." This spot was where defendant got out of the Pontiac after it was apprehended. Mr. Craddock could not identify the money as his except to say that the denominations were the same.

Defendant testified and denied taking the money. He contended that his purpose in getting out of the Pontiac at the store was to go to a bathroom necessitated by some beer that he had been drinking. He denied asking about buying some cigarettes. He denied placing the money under the grass as he got out of the Pontiac and denied having any money except a small amount. He also testified that Mr. Craddock, at police headquarters, first identified one of the others as the one who got out of the Pontiac at the store.

We deem it unnecessary to detail other evidence. The evidence against defendant was wholly circumstantial, but sufficient in the judgment of the jury to convict defendant.

The evidence presented an issue of guilt *vel non* for the jury. The verdict was ad-

verse to defendant. We are unwilling to disturb. The application for rehearing is granted.

The judgment is affirmed.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

AFFIRMED.

All the Judges concur.